# In the United States Court of Federal Claims

No. 25-547C
(Filed: September 18, 2025)
**NOT FOR PUBLICATION**

```
****************************************
STORMY-BOB GRIFFITH,                   *
                                       *
                 Plaintiff,            *
                                       *
v.                                     *
                                       *
THE UNITED STATES,                     *
                                       *
                 Defendant.            *
                                       *
****************************************
```

## OPINION AND ORDER

Plaintiff Stormy-Bob Griffith, proceeding *pro se*, raises claims related to alleged violations of his civil rights. *See* Compl. (ECF 1). The government moved to dismiss the complaint for lack of subject-matter jurisdiction or for failure to state a claim. *See* Mot. (ECF 9); Resp. (ECF 20); Reply (ECF 23); *see also* RCFC 12(b)(1). The motion to dismiss is **GRANTED**. Plaintiff's pending motions (ECF 2, 3, 11, 12, & 13) are **DENIED AS MOOT**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3).

"In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*,

812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings").

In addition, to survive a motion to dismiss for failure to state a claim, plaintiffs must sufficiently "plead[] facts upon which a valid claim can rest." *El Bey v. United States*, 152 Fed. Cl. 777, 780 (2021) (quoting *Stroughter v. United States*, 89 Fed. Cl. 755, 760 (2009)); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's response to the motion to dismiss identifies only two claims that may be within this Court's jurisdiction: (1) an uncompensated taking of property in the aftermath of an encounter with law enforcement personnel, *see* Resp. at 2–3; U.S. Const. amend. V, and (2) cancellation of a surety bond, *see* Resp. at 3–4; 28 U.S.C. § 1494.

The property claim appears to arise from acts by the State of Colorado, including its agencies, subdivisions, and officials, after a police stop. This Court cannot hear claims against defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941). In addition, "[p]roperty seized and retained pursuant to the police power is not taken for a 'public use' in the context of the Takings Clause." *AmeriSource Corp. v. United States*, 525 F.3d 1149, 1153 (Fed. Cir. 2008). Plaintiff asserts that "federal actors were involved" and that the property was in federal hands when it was destroyed. Resp. at 3. But in my review of the Complaint, I have not identified facts sufficient to support that inference, nor that the alleged destruction of property involved something other than exercise of the police power.

As to the alleged bond, this Court has "jurisdiction to determine the amount, if any, due to or from the United States by reason of any unsettled account of any officer or agent of, or contractor with, the United States[.]" 28 U.S.C. § 1494. But the Complaint does not appear to allege facts suggesting that Plaintiff is an "officer or agent of, or contractor with, the United States." *Id.*

Plaintiff has requested that claims outside this Court's jurisdiction — mainly civil rights claims involving the State of Colorado — be transferred to another court. *See* Resp. at 4. This Court "may transfer an action where [1] it lacks jurisdiction, [2] the transfer is in the interest of justice, and [3] the transferee court is one in which the action could have been brought at the time the action was filed." *Ewers v. United States*, 168 Fed. Cl. 812, 818 (2024) (citing *Rodriguez v. United States*, 862 F.2d 1558, 1559–60 (Fed. Cir. 1988)). I do not find that transfer would be in the interest of

justice. First, even taking the facts of the Complaint as true, Plaintiff has not plausibly alleged that his rights were violated or that he could obtain relief in another court. *Ewers*, 168 Fed. Cl. at 818. Second, the chain of events alleged in the Complaint began just over one year ago. *See* Compl. at 6. When the applicable statute of limitations expires after a plaintiff mistakenly files here, transfer may be in the interest of justice. *See Lan-Dale Co. v. United States*, 60 Fed. Cl. 299, 305 (2004). But Plaintiff does not argue that here. It therefore appears that if Plaintiff's claims have merit, he has time to identify the correct venue and pursue them. *Gunn v. U.S. Dep't of Agric.*, 118 F.3d 1233, 1240 (8th Cir. 1997).

## CONCLUSION

The motion to dismiss (ECF 9) is **GRANTED**. Plaintiff's pending motions (ECF 2, 3, 11, 12, & 13) are **DENIED AS MOOT**. The case is **DISMISSED** for lack of jurisdiction.

If Plaintiff wishes to plead additional facts establishing (1) an uncompensated taking by the federal government falling outside any exercise of the police power, *see Sherwood*, 312 U.S. at 588; *AmeriSource Corp.*, 525 F.3d at 1153, or (2) that he is an "officer or agent of, or contractor with, the United States" owed money from the United States "by reason of [an] unsettled account," *see* 28 U.S.C. § 1494, he may move for leave to file an amended complaint — in a single filing that includes all necessary attachments — no later than **October 20, 2025**.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge