# In the United States Court of Federal Claims

No. 25-547C
(Filed: December 10, 2025)
### NOT FOR PUBLICATION

*****************************************

|                          |     |
|--------------------------|-----|
| STORMY-BOB GRIFFITH,     | *   |
|                          | *   |
| Plaintiff,               | *   |
|                          | *   |
| v.                       | *   |
|                          | *   |
| THE UNITED STATES,       | *   |
|                          | *   |
| Defendant.               | *   |
|                          | *   |

*****************************************

## OPINION AND ORDER

Plaintiff Stormy-Bob Griffith, proceeding *pro se*, alleged violations of his civil rights. *See* Compl. (ECF 1). This Court dismissed Plaintiff's original complaint, but offered Plaintiff the opportunity to plead additional facts. *See* Opinion & Order at 3 (ECF 26). Plaintiff has moved for leave to file an amended complaint. *See* Mot. to Amend (ECF 30); Am. Compl. (ECF 30-1). Plaintiff has also moved to lift the stay (ECF 32), and moved for default judgment (ECF 33). The government opposes all three motions. *See* Resp. (ECF 42). The motion for leave to amend is **DENIED**, and the case is **DISMISSED**. The remaining motions are **DENIED AS MOOT**.

This Court offered Plaintiff the opportunity to seek leave to amend so that Plaintiff could provide additional facts in support of particular claims that might have been within this Court's jurisdiction:

> If Plaintiff wishes to plead additional facts establishing (1) an uncompensated taking by the federal government falling outside any exercise of the police power, [*see* U.S. Const. amend. V,] or (2) that he is an "officer or agent of, or contractor with, the United States" owed money from the United States "by reason of [an] unsettled account," *see* 28 U.S.C. § 1494, he may move for leave to file an amended complaint[.]

Opinion & Order at 3. The Amended Complaint does not appear to contain any such material.

As to Plaintiff's Fifth Amendment claim for an uncompensated taking — Count 1 of the Amended Complaint, Am. Compl. at 3 — Plaintiff alleges only that he

sent certain documents to state and federal officials by registered mail, and that the documents were lost. *See id.* at 2. Taking those facts as true, *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), they are insufficient to set out a Fifth Amendment takings claim. The government does not owe just compensation under the Fifth Amendment for lost or damaged mail. *See Marine Ins. Co. v. United States*, 410 F.2d 764, 766 (Ct. Cl. 1969); *see also Kant v. United States*, 123 Fed. Cl. 614, 617 (2015) (citing *Blazavich v. United States*, 29 Fed. Cl. 371, 374–75 (1993)).

As to the claim for an "unsettled account" — Count 4 of the Amended Complaint, Am. Compl. at 3 — Plaintiff originally alleged that he was owed money based on cancellation of a surety bond. *See* Resp. to Mot. to Dismiss at 3–4 (ECF 20). This Court has "jurisdiction to determine the amount, if any, due to or from the United States by reason of any unsettled account of any officer or agent of, or contractor with, the United States[.]" 28 U.S.C. § 1494. But the complaint did not allege facts suggesting that Plaintiff is "officer or agent of, or contractor with, the United States." *Id.* Plaintiff's proposed amended complaint does not either, so it does not set out the factual or legal basis for a claim.

Instead, Plaintiff now alleges that he submitted a demand for payment to the United States Treasury, which the Treasury left unanswered. *See* Am. Compl. at 2. Plaintiff alleges that the Treasury therefore became obligated to pay, *see id.*, and is liable as a result for breach of contract and breach of fiduciary obligations, *see id.* at 3 (Counts 2 and 3). Plaintiff does not allege what his original demand for money was based upon. Nor does it appear that the Treasury's silence is enough to bind the government to pay. *See, e.g., Joiner v. United States*, No. 22-1882C, 2023 WL 2521908, at *2 (Fed. Cl. Mar. 15, 2023) (citing *Ibrahim v. United States*, 799 F. App'x 865, 867 (Fed. Cir. 2020)).

This Court may deny leave to amend where amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Steffen v. United States*, 995 F.3d 1377, 1380 (Fed. Cir. 2021); *Chapman v. United States*, 130 Fed. Cl. 216, 219 (2017). That is the case here, where Plaintiff's amended complaint does not provide facts or legal theories that would entitle him to recovery.

## <u>CONCLUSION</u>

The motion for leave to amend (ECF 30) is **DENIED** and the case is **DISMISSED**. Plaintiff's other pending motions (ECF 32, 33) are **DENIED AS MOOT**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

<u>s/ Stephen S. Schwartz</u>
STEPHEN S. SCHWARTZ
Judge